IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STEPHEN PANDOV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  6:10-CV-00021 |
| | § | |
| VICTORIA INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, STEPHEN PANDOV (hereinafter "Plaintiff"), files this lawsuit against the Victoria Independent School District (hereinafter "VISD") and in support thereof, states and alleges as follows:

### I. NATURE OF ACTION

1.  This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (hereinafter "ADA") and § 504 of the Rehabilitation Act of 1973, as amended (hereinafter "§ 504") to correct unlawful employment practices on the basis of disability and to make Plaintiff whole for lost pay, damages, fees, costs, and expenses because of disability discrimination suffered by Plaintiff. Defendant VISD made unlawful pre-offer inquiries and/or derogatory remarks regarding Plaintiff's disabilities in the course of Plaintiff's application for employment with the VISD as a Social Studies teacher. In addition, VISD failed to hire Plaintiff as a teacher because of his disability (actual, record of, or regarded as), and hired a person without such a disability who had lesser qualifications than those of Plaintiff.

2. Plaintiff demands a jury trial on all issues triable to a jury.

## II.  PARTIES

3. Plaintiff is a resident of the City of Austin, in Travis County, Texas, and is a person with a disability.  Plaintiff has a profound visual impairment. Plaintiff has been diagnosed with Retinitis Pigmentosa (hereinafter "RP") in both eyes, with cataract surgery to his right eye and posterior cataract in his left eye, resulting in no vision in his right eye, and severely restricted vision in his left eye.

4. Plaintiff is a person with a physical impairment that substantially limits one or more major life activities, a record of having said disability, and/or is regarded as having a disability within the meaning of the ADA, 42 U.S.C. § 12102(2)(A), and by the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 705(9)(B) and (20)(B). Plaintiff is a person who is legally blind and Plaintiff's blindness substantially limits him in the major life activity of seeing.

5. At all relevant times, Plaintiff was/is a qualified individual with as defined by relevant law, because he was able to perform the essential job functions of the job of teacher for which he applied.

6. Defendant VISD is a recipient of Federal financial assistance thus subjecting VISD to the requirements of § 504 of the Rehabilitation Act of 1973. The VISD may be served by serving its Superintendant Bob Moore, at the VISD Administration Building, 102 Profit Drive, Victoria, Texas 77901.

7. At all relevant times, Defendant was an employer as defined by the ADA, 42 U.S.C. § 12111(5).

8. Whenever in this Complaint it is alleged that Defendant VISD committed any act or omission, it is meant that the Defendant's officers, directors, principals, vice-principals,

agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendant or was done in the routine course and scope of employment of the Defendant's officers, directors, principals, vice-principals, agents, servants, or employees.

### III.  JURISDICTION AND VENUE

9. This suit is brought for violations of the ADA, as amended, 42 U.S.C. §§ 12101, *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as amended. The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

10. This action is authorized and instituted pursuant to 42 U.S.C. § 12117(a), which incorporates the procedural and remedial provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981a(2); and the provisions of 29 U.S.C. § 794(a)(2) and (b).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) as the Defendant resides and conducts business in this judicial district, and the employment practices alleged to be unlawful giving rise to this action were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division.

### IV.  PROCEDURAL REQUISITES

12. Plaintiff has complied with all conditions precedent to this lawsuit and has exhausted all administrative remedies.

13. Specifically, Plaintiff's charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about February 17, 2009, which was less than thirty days from the actions giving rise to this lawsuit.

14. A Notification of Right to Sue was sent out by the EEOC on December 23, 2009 and received by Plaintiff on or about December 28, 2009.

15. Plaintiff's Original Complaint was filed on or about March 19, 2010, which was within 90 days from the receipt of the EEOC's Notification of Right to Sue.

## V.  STATEMENT OF FACTS

16. Plaintiff, STEPHEN PANDOV, has a profound visual impairment. Plaintiff has been diagnosed with Retinitis Pigmentosa (hereinafter "RP") in both eyes, with cataract surgery to his right eye and posterior cataract in his left eye, resulting in no vision in his right eye, and severely limited vision in his left eye. RP is a form of inherited retinal degeneration. RP is characterized by the progressive loss of photoreceptor cells (rods and cones) in the human eye. As a result, Plaintiff is considered legally blind.

17. On or about January 13, 2009, the Plaintiff applied for a teaching position by submitting a job application via VISD's on-line e-mail system—together with attachments of Plaintiff's resume, transcripts, Certificate and a copy of the State Board of Education Certification (hereinafter "SBEC") web page showing all Plaintiff's certifications—to VISD's Human Resources Department, attention Lynne Vasquez. Receipt of all required documents was verified by telephone on that same day.

18. On or about, January 19, 2009, the Plaintiff contacted the Memorial High School to inquire about the 9th Grade Social Studies teaching position. Plaintiff spoke with the Principal, Richard LaFavers called Plaintiff later in the week to schedule him for an interview for the 9th Grade Social Studies teacher position.

19. On or about January 23, 2009, the Plaintiff was interviewed for the position by a three-person committee, which included Principal LaFavers.

20. During the pre-employment interview process, and prior to any offer of employment, Plaintiff was subjected to an improper disability-related inquiry. Prior to the end of the interview, LaFavers stated to the Plaintiff, "Well, I can't understand how a blind teacher can teach effectively in the classroom." LaFavers also stated that "I have 30 years in the education field, and I have never worked with a blind teacher."

21. Plaintiff met all posted job requirements, and in addition, has 5 years of actual teaching experience and is earning credits towards a Master's degree.

22. Further, Defendant used "lack of qualifications" as a pretext for discriminating against Plaintiff and for failing to hire him for the position of Social Studies teacher on account of his disability. On information and belief, Defendant hired an applicant who was less qualified than Plaintiff.

## VI.  FIRST CAUSE OF ACTION – ADA

23. By this reference, Plaintiff hereby incorporates all prior paragraphs in paragraphs 1 through 22 of this Complaint as if they were set forth within this cause of action.

24. Plaintiff is a person with a physical disability (actual, record of, and/or regarded as) as defined by the ADA, 42 U.S.C. § 12102(2)(A) and, as defined by the Rehabilitation Act of 1973, 29 U.S.C. §§ 705(9)(B) and (20)(B).

25. Plaintiff was at all times a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8).

26. Defendant violated the ADA, as amended, including provision of 42 U.S.C. § 12112, and discriminated against Plaintiff because of his disability, despite the fact that he was a qualified individual who was, and remains, able to perform the essential functions of the position for which he applied, with or without reasonable accommodation.

27. The unlawful employment practices complained of above were intentional.

28. As a result of the violations of the ADA, as set forth above, Plaintiff is entitled to an order of instatement into the position of Social Studies teacher, or, in the alternative, front pay.

29. Plaintiff is also entitled to an order making him whole by providing appropriate back-pay and the value of lost benefits, compensatory damages, prejudgment interest, and other affirmative relief necessary to eradicate the effects of VISD's unlawful employment practices on Plaintiff.

30. Plaintiff is also entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendant.

## VII.  SECOND CAUSE OF ACTION – § 504

31. By this reference, Plaintiff hereby incorporates all prior paragraphs 1 through 30 of this Complaint as if they were set forth within this cause of action.

32. For the reasons set out above, Defendant also discriminated against Plaintiff in violation of § 504 solely because of his disability.

## VIII.  REQUEST FOR JURY TRIAL

33. The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

## IX.  RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendant VISD, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in

any further practice which discriminates against Plaintiff on the basis of his disability;

B. Place Plaintiff in a comparable position to the one he would have had absent the improper acts of the Defendant;

C. Award Plaintiff appropriate back-pay with prejudgment interest;

D. Award Plaintiff compensatory damages for his past and future pecuniary and non-pecuniary losses;

E. Award Plaintiff reasonable attorney's fees, costs, and litigation expenses from Defendant;

F. Enter a judgment be entered in favor of Plaintiff; and,

G. Grant Plaintiff such further and other relief as the Court deems necessary and proper.

Respectfully submitted,

_____/s/ Brian East_____
BRIAN EAST
Texas Bar No. 06360800
Attorney-In-Charge

ADVOCACY, INC.
7800 Shoal Creek Blvd., Suite 171-E
Austin, Texas 78757
(512) 454-4816 Phone
(512) 454-3999 Fax
Email: beast@advocacyinc.org

ATTORNEY FOR PLAINTIFF